IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-41,168-04 & WR-41,168-05






EX PARTE CHARLES DEAN HOOD, Applicant







ON APPLICATION FOR WRIT OF HABEAS CORPUS


AND APPLICATION FOR ORIGINAL WRIT OF HABEAS CORPUS


FROM CAUSE NO. W296-80233-90 IN THE


296TH DISTRICT COURT OF COLLIN COUNTY





 Price, J., filed a concurring statement in which Johnson, Holcomb, and
Cochran, J.J. joined.


CONCURRING STATEMENT



 The applicant brings the present claim for the first time in this subsequent application
for writ of habeas corpus and in an application for an original writ. He claims now that the
trial judge should have disqualified herself from presiding over his trial because she was
involved in a romantic relationship with the elected district attorney, who actively
participated in the applicant's 1990 trial. In support of this claim, the applicant has submitted
an affidavit from an investigator who worked on the applicant's initial application for writ
of habeas corpus, filed in 1997. In that affidavit, the investigator recounts the investigation
she conducted in 1995 and 1996 in an attempt to substantiate "rumors" of a relationship
between the trial judge and the district attorney. All of this information was obviously
available to the applicant's initial writ counsel, but it was not made the basis of any claim for
relief at that time. The only "new" information offered to substantiate the "rumors" at this
point is an affidavit from a former Collin County assistant district attorney who has now
come forth to assert that it was "common knowledge" in the district attorney's office and the
Collin County bar that the district attorney and trial court judge "had a romantic
relationship." This affiant does not allege that he has any personal knowledge of such a
relationship. On the basis of these asserted facts, the applicant now claims that the trial judge
should have disqualified herself from presiding over his trial in 1990, under Article V,
Section 11 of the Texas Constitution. (1)

 Under Article 11.071, Section 5, (2) a court may not consider the merits of a claim that
is raised for the first time in a subsequent post-conviction application for writ of habeas
corpus "unless the application contains sufficient specific facts establishing that . . . the
current claims and issues have not been and could not have been presented previously in a
timely initial application . . . filed under this article . . . because the factual or legal basis
for the claim was unavailable on the date the applicant filed the previous application." The
applicant does not now allege that there is a new legal basis for raising his claim. Instead,
he alleges a new factual basis. A factual basis is "unavailable" for purposes of justifying a
subsequent writ application "if the factual basis was not ascertainable through the exercise
of reasonable diligence" on or before the date that the initial writ was filed. It is apparent to
me from the affidavit of the investigator for the initial writ application that the factual basis
for the present claim is not new because the investigator conducted the investigation that
forms the basis for her information in 1995 and 1996. The only alleged fact provided in the
present application that was arguably "unavailable" at the time of the filing of the initial writ
is the assertion from the former assistant district attorney that it was "common knowledge"
at the time of the applicant's trial that a romantic relationship was going on.

 This new fact does not add anything that would make the claim any more available
now than it would have been at the time that the initial writ application was filed. In
addition, the applicant fails to allege that, but for the trial judge's participation in his trial,
"no rational juror could have found [him] guilty beyond a reasonable doubt." (3) Because the
claim could have been raised in the applicant's initial writ application, and because the claim
does not implicate whether a rational juror could have found him guilty beyond a reasonable
doubt, the statute absolutely forbids the courts to entertain it at this late juncture. The
Legislature has made it clear that we are not at liberty to entertain the merits of the claim. 
Moreover, because the applicant challenges the judgment against him which imposes the
death penalty, Article 11.071 provides the exclusive avenue for habeas corpus relief, if any. (4)

 For these reasons I concur in the Court's order dismissing the applicant's subsequent
writ application, denying him leave to file his original writ application, and denying his
motion to stay the execution.


Filed: June 16, 2008

Do Not Publish
1. 

 Tex. Const. art. V, § 11 ("No judge shall sit in any case wherein the judge may be
interested, or where either of the parties may be connected with the judge, either by affinity or
consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been
counsel in the case.")
2. 

 Tex. Code Crim. Proc. art. 11.071, §5(a).
3. 

 Tex. Code Crim. Proc. art. 11.071, § 5(a)(2).
4. 

 Ex parte Smith, 977 S.W.2d 610, 611 (Tex. Crim. App. 1998).